**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cr-289(2) (LMP/EMB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| JOHN MICHAEL DUFFY, | |
| Defendant. | |

---

Raphael Coburn, **United States Attorney's Office, Minneapolis, MN**, for Plaintiff.

Paul P. Sarratori, **Mesenbourg & Sarratori Law Offices, P.A., Coon Rapids, MN**, for Defendant.

Defendant John Michael Duffy is indicted on one count of conspiracy to distribute methamphetamine, three counts of possession with intent to distribute methamphetamine, and one count of possessing a firearm in furtherance of drug trafficking. *See generally* ECF No. 97. On December 19, 2025, Duffy filed a motion to suppress, a motion for disclosure of confidential informants, and a motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). *See* ECF Nos. 137–39.

On March 19, 2026, United States Magistrate Judge Elsa M. Bullard issued a Report and Recommendation ("R&R") recommending denial of the motion to suppress and an order denying the motions for disclosure and for a *Franks* hearing. ECF No. 184 at 2. Duffy timely objected. ECF No. 193. For the following reasons, the R&R is adopted in full, and Judge Bullard's rulings on Duffy's motions for disclosure and for a *Franks* hearing are affirmed.

**BACKGROUND**

Duffy does not specifically object to the R&R's factual recitation, ECF No. 194 at 1, so the Court adopts the R&R's factual background and describes here only the facts necessary for understanding Duffy's objections.

## I.     Factual Background

On January 27, 2025, Bemidji Police Department Special Agent Jeffrey Amey applied in Minnesota state court for a search warrant for a residence located in Nowthen, Minnesota (the "Nowthen residence").  ECF No. 184-1 at 1, 14.  Special Agent Amey believed that he would find "[c]ontrolled substances including but not limited to methamphetamine" there.  *Id.* at 1.  Duffy lived at the Nowthen residence.  *Id.* at 3, 4.  And Special Agent Amey believed that Duffy "is involved in controlled substance crimes in the State of Minnesota area and is likely a conspirator among a drug trafficking organization . . . operating in multiple counties, including, but not limited to Anoka and Beltrami."  *Id.* at 3.

The search warrant affidavit stated that Special Agent Amey had been assigned to the Paul Bunyan Drug Task Force and the FBI's Headwaters Safe Trails Task Force since April 2024.  *Id.* at 2.  In December 2024, Special Agent Amey began investigating Action Jack Allen Simon and Megan Lynn Preston (Duffy's codefendants in this case), whom the Paul Bunyan Drug Task Force believed to be trafficking large amounts of methamphetamine to the Bemidji area.  *Id.* at 7.  While talking to a cooperating defendant— referred to as "CD-2"—about Preston and Simon's trafficking activities, CD-2 informed Special Agent Amey that Duffy supplies methamphetamine to Preston and Simon.  *Id.* at 8.

2

CD-2 also provided the task force with Preston's phone number, *id.*, and the task force thereafter obtained a warrant to track Preston's phone, *id.* at 9.

On January 13, 2025, Preston's phone was tracked to a hotel in Baxter, Minnesota. *Id.* While at the hotel, Preston called a phone number associated with Duffy. *Id.* Later that evening, Preston's phone was at the Nowthen residence. *Id.* On January 17, 2025, Preston was seen driving a vehicle registered to Duffy near Bloomington, Minnesota. *Id.* On January 23, 2025, Preston's phone was again located at the Nowthen residence and stayed in that area until January 25, 2025. *Id.* at 9–10. Simon listed the Nowthen residence with the Department of Vehicle Services ("DVS"). *Id.* at 9.

Early in the morning on January 25, 2025, Preston's phone left the Nowthen area and drove north. *Id.* at 9–10. Multiple police agencies then worked together to track, identify, and ultimately pull over the rental car Preston was driving during a high-risk traffic stop. *Id.* at 10. Simon was a passenger, and both were taken into custody. *Id.* at 11. Preston admitted that she had used methamphetamine earlier that morning. *Id.* at 10. A distribution amount of methamphetamine was found on Simon during intake at the Hubbard County Jail. *Id.* at 11. Police later obtained a warrant and executed a search of the rental car, and found $3,600 in cash, 15 ounces of psilocybin mushrooms, more than 6 pounds of methamphetamine, scales, packaging, and sales ledgers. *Id.*

On January 26, 2025, Simon made a phone call from jail to a person identified as "A-2." *Id.* at 12. On the call, A-2 asked if A-2 should tell Simon's "dad" about the arrest; Simon told A-2 that his "dad" already knew. *Id.* A-2 asked how Simon's "dad" could have known about the arrest, and Simon said that his "dad" would have known what happened

3

if Simon and Preston did not call once they arrived at their ultimate location. *Id.* Special Agent Amey was informed by a confidential informant in 2020 that Duffy and Simon had a relationship like a "father-son," and that Simon referred to Duffy as "dad." *Id.* at 6, 12. Putting two and two together, Special Agent Amey stated in the search warrant affidavit that he believed Duffy knew that Simon and Preston were transporting methamphetamine that day, that Simon and Preston had left Duffy's house the morning of their arrest, and that Duffy expected to be contacted when they arrived at their final destination. *Id.*

The search warrant affidavit also extensively detailed Duffy's criminal background, including that he had been the subject of drug-related investigations since the 1990s and had been convicted of drug possession in the past. *Id.* at 3–4. The application also provided information about Duffy from other confidential informants obtained between 2020 and 2022. *See id.* at 4–7; *see also* ECF No. 184 at 7–12. Each of the informants told police that Duffy is a methamphetamine supplier and operated from the Nowthen residence. ECF No. 184-1 at 4–7.

Judge Dyanna Street of the Anoka County District Court issued a search warrant for the Nowthen residence on January 28, 2025. *Id.* at 15–17. On January 30, 2025, police executed the search warrant and found "a sales level quantity of suspected methamphetamine and psilocybin mushrooms." ECF No. 184-2 at 14. That search led to police executing nine additional search warrants and to Duffy's eventual arrest. ECF No. 184 at 2.

## II.    Procedural Background

Duffy's motion to suppress, ECF No. 137, challenged Special Agent Amey's original search warrant affidavit and argued that it did not establish probable cause sufficient to search Duffy's Nowthen residence, *see* ECF No. 177 at 3. Specifically, Duffy argued that the search warrant affidavit relied on stale information, *id.* at 8–11, and that the information from informants was otherwise unreliable, *id.* at 11–14.

Duffy's motion for a *Franks* hearing, ECF No. 139, argued that Special Agent Amey omitted material information from his search warrant affidavit, ECF No. 177 at 14. First, Duffy argued that Special Agent Amey failed to include text messages between Simon and a third party on January 13, 2025, which purportedly show that Simon was heading to the Twin Cities to visit the third party, a known supplier. *Id.* at 15. Second, Duffy asserted that Special Agent Amey omitted relevant context for the phone call Preston made to Duffy on January 13, 2025. *Id.* Duffy asserted that the only reason Preston called Duffy that evening was because Preston had crashed the vehicle she was driving, and that Duffy "came to their rescue" by towing the vehicle to the Nowthen residence. *Id.* Finally, Duffy asserted that Special Agent Amey omitted that Simon and Preston "only stayed at Duffy's home" for three or four days in January 2025. *Id.* Duffy argued that these omissions were "clearly relevant, [and] important" because they "offered an alternative source of the controlled substances that were found in Simon and Preston's vehicle" the day of their arrest. *Id.* at 15–16. Alternatively, Duffy asked for a "limited pre-*Franks* hearing" to "offer additional support and argument." *Id.* at 16–17.

Finally, Duffy's motion for disclosure, ECF No. 138, sought the names of all the confidential informants who provided information included in the search warrant application, ECF No. 177 at 17. Duffy argued that the informants "are not mere tipsters but have material information that may be exculpatory to Duffy" and that he should be given their identifying information so he can "ascertain the veracity of the information or if the information was actually provided to law enforcement." *Id.* at 18.

On March 19, 2026, Magistrate Judge Bullard issued the R&R, recommending the denial of Duffy's motion to suppress, and denying Duffy's motions for disclosure and a *Franks* hearing. *See generally* ECF No. 184. On April 16, 2026, Duffy filed objections to the R&R. ECF No. 193.

## ANALYSIS

### I.  Standard of Review

In a criminal case, a magistrate judge issues an R&R on certain dispositive motions—including motions to suppress evidence—and issues orders on nondispositive motions. *United States v. Velisek*, No. 24-cr-290 (NEB/LIB), 2026 WL 1194737, at *1 (D. Minn. May 1, 2026) (citing 28 U.S.C. § 636(b)(1)(A)–(B)). A defendant may file objections to both. *Id.* But the standard of review depends on the nature of the underlying order. As to objections to an R&R, the reviewing court must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to

6

the magistrate judge's recommendation."). For objections to nondispositive orders, the reviewing judge "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); 28 U.S.C. § 636(b)(1)(A). And the "standard of review applicable to an appeal of a magistrate judge's order on non-dispositive pretrial matters is extremely deferential." *United States v. Banks*, No. 23-cr-307 (JRT/DTS), 2025 WL 2621753, at *8 (D. Minn. Sept. 11, 2025).

Magistrate Judge Bullard's orders denying Duffy's motion for disclosure, ECF No. 138, and motion for a *Franks* hearing, ECF No. 139, resolved nondispositive motions. *See United States v. Lafriniere*, No. 24-cr-244 (JMB/LIB), 2025 WL 3564627, at *5 (D. Minn. Dec. 12, 2025); *United States v. Green*, No. 19-cr-103 (MJD/ECW), 2020 WL 6337705, at *2 (D. Minn. Oct. 29, 2020). As a result, the Court reviews Duffy's objections to determine if these orders are "contrary to law or clearly erroneous." *Banks*, 2025 WL 2621753, at *8. But as to Duffy's objections to Magistrate Judge Bullard's recommendation that the Court deny Duffy's motion to suppress, ECF No. 137, the Court reviews "de novo . . . those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

## I.    Motion To Suppress

Duffy argues that the January 28, 2025 search warrant was not supported by probable cause. ECF No. 194 at 11. A search warrant must be supported by probable cause. U.S. Const. amend. IV. In determining whether probable cause exists to issue a warrant, a magistrate judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [her], including the 'veracity' and

7

'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  When a motion to suppress seeks to attack the probable cause determination made by an earlier judge, the reviewing judge must "pay 'great deference' to the probable cause determinations of the issuing judge or magistrate, and limit [its] inquiry to discerning whether the issuing judge had a substantial basis for concluding that probable cause existed." *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010) (quoting *Gates*, 462 U.S. at 236).  Moreover, when the issuing judge's probable cause determination was based solely on an affidavit, the reviewing judge may consider only the "information which is found within the four corners of the affidavit" to determine the existence of probable cause.  *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (citation omitted).

If an individual is arrested in possession of drugs while not at their residence, probable cause to search the residence must be based on  "evidence of a nexus between the contraband" and the residence.  *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000); *see United States v. Norey*, 31 F.4th 631, 637 (8th Cir. 2022) ("[W]ithout a nexus between a defendant's drug-dealing and the defendant's residence, evidence of the former does not provide probable cause for a warrant to search the latter.").  With that in mind, the Court concludes that the state court had a "substantial basis for concluding that probable cause existed" to permit the search of Duffy's Nowthen residence because there was a sufficient nexus between the methamphetamine found in Preston's and Simon's possession and Duffy's Nowthen residence. *Butler*, 594 F.3d at 926.  Special Agent Amey's affidavit stated

8

that: (1) on January 25, 2025, Simon and Preston were arrested with more than six pounds of methamphetamine; (2) Simon's listed DVS residence was the Nowthen residence; (3) Simon and Preston had just left the Nowthen residence after staying there for two consecutive days; (4) CD-2 informed police that Duffy supplied methamphetamine to Simon and Preston; (5) Preston had recently contacted Duffy and, the week before her arrest, was seen driving a car registered to Duffy; (5) Preston admitted to having used methamphetamine the morning of her arrest; (6) Simon was found with a distribution amount of methamphetamine when booked into jail; (7) after the arrest and booking, Simon made a jail call in which he refers to his "dad" knowing about the arrest without being told about it because his "dad" knew what Simon was doing; and (8) Simon often referred to Duffy as his "dad." ECF No. 184-2 at 8–12. "Because the affidavit supporting the search warrant provided weighty evidence" that Duffy was aware of and complicit in Preston and Simon's methamphetamine dealing, and that Simon, Preston, and Duffy operated from the Nowthen residence, the state court's probable cause determination was justified. *United States v. Stately*, No. 24-cv-118 (JRT/LIB), 2025 WL 3022547, at *8 (D. Minn. Oct. 29, 2025).

Before Magistrate Judge Bullard, Duffy argued that probable cause was lacking because Special Agent Amey's affidavit presented "stale" information from confidential informants, ECF No. 177 at 8–11, and because the information from various informants was unreliable, *id.* at 11–14. Magistrate Judge Bullard rejected both arguments. First, she concluded that even if the background information provided by informants before 2022 was excised, probable cause still existed based on the facts known to Special Agent Amey

since December 2024. ECF No. 184 at 14–15. The Court agrees; indeed, each of the facts listed above date from December 2024 onward.

Second, Magistrate Judge Bullard concluded that while the informants were credible, probable cause existed even if only considering the facts known to Special Agent Amey that did not come from informants. *Id.* at 16–20. Duffy objects that there is no probable cause if the Court considers only the facts that did not come from informants. ECF No. 194 at 11–12. That is—according to Duffy—the fact that Simon's listed address with DVS was the Nowthen residence, that Simon was arrested with six pounds of methamphetamine, and that Simon had just left the Nowthen residence, which in his view do not support probable cause. *Id.* But those are not the only facts Magistrate Judge Bullard, nor this Court, may consider in the "totality-of-the-circumstances" test. *See Gates*, 462 U.S. at 238–39. When considering the totality of the circumstances, including the information provided by CD-2 and the location information gathered from Preston's phone, there is a sufficient nexus between the drugs recovered from Preston and Simon and the Nowthen residence. *See, e.g.*, *Tellez*, 217 F.3d at 550 (explaining that the "discovery of drugs on [the defendant] shortly after leaving his home in response to an order placed by a customer certainly contributes to a finding of probable cause" to search the home); *United States v. Bulgatz*, 693 F.2d 728, 731 (8th Cir. 1982) ("[T]he fact that [the defendant] started from her residence shortly before allegedly delivering drugs . . . suggests that drugs were kept at the [residence]. Nothing in the affidavit would suggest that the drugs originated elsewhere, and given the common assumption that drug suppliers do not ordinarily carry large quantities of expensive drugs on their person, one would assume that the drugs were

10

kept in the safety of her home."). The Court therefore overrules Duffy's objections to the R&R and adopts the R&R's recommendation to deny the motion to suppress.

## II.    *Franks* **Hearing**

Most of Duffy's objections relate to Magistrate Judge Bullard's order denying his motion for a *Franks* hearing. Indeed, Duffy himself defines the *Franks* hearing as the "salient" issue of his objection. ECF No. 194 at 1. Having reviewed Magistrate Judge Bullard's order under the "clearly erroneous or contrary to law" standard, the Court rejects Duffy's objections.

Under *Franks,* a criminal defendant may request a hearing to set aside the "presumptive validity of a warrant affidavit," *United States v. Randle*, 39 F.4th 533, 537 (8th Cir. 2022), and to challenge the resulting search warrant on the basis that the affidavit "contains factual misrepresentations or omissions relevant to the probable cause determination," *United States v. Arnold*, 725 F.3d 896, 898 (8th Cir. 2013). The defendant's burden to justify a *Franks* hearing is high. In the context of alleged omissions, as is the case here, a defendant must make a "substantial preliminary showing" that: (1) the affiant "omitted facts with the intent to mislead the issuing judge, or omitted the facts in reckless disregard of the fact that the omissions would mislead"; and (2) the affidavit, if the omitted information were included, "could not support a finding of probable cause." *United States v. Gater*, 868 F.3d 657, 659–60 (8th Cir. 2017). This "substantiality" requirement is not met lightly and "requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements." *United States v. Gonzalez*, 781 F.3d 422, 430 (8th Cir. 2015).

Before Magistrate Judge Bullard, Duffy asserted that Special Agent Amey omitted: (1) text messages that Duffy believes show that the drugs found in Simon's and Preston's possession were supplied by someone other than Duffy; (2) context for the phone call and meeting between Duffy, Simon, and Preston on January 13, 2025; and (3) the fact that Simon and Preston "only stayed at Duffy's home" for three or four days in January 2025. ECF No. 177 at 15; *see also* ECF No. 140.

As to the alleged third-party supplier, Magistrate Judge Bullard explained that Duffy provided no evidence that Special Agent Amey had access to the text messages with a third party when he sought the search warrant, and therefore could not have intentionally omitted that information. ECF No. 184 at 28–29. In objection, Duffy asserts that Special Agent Amey might not have had the text messages at the time he sought the warrant, "but that fact cannot be confirmed without testimony at the requested [*Franks*] hearing." ECF No. 194 at 7–8. But Duffy is not entitled to a *Franks* hearing until he makes a "substantial *preliminary* showing" that Amey intended to mislead the issuing judge by omitting these purported facts "in reckless disregard of the fact that the omissions would mislead." *Gater*, 868 F.3d at 659–60 (emphasis added). In other words, that showing is not to be made at the *Franks* hearing; it must be made to justify holding the *Franks* hearing in the first place. *See United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (explaining that the purpose of the substantial-preliminary-showing requirement is to "avoid fishing expeditions into affidavits that are otherwise presumed truthful"). Duffy has provided no evidence that Special Agent Amey had access to, but omitted, the text messages when he sought the warrant.

12

As to the allegedly omitted context for the phone communication between Duffy and Preston on January 13, 2025, Magistrate Judge Bullard noted that Duffy provided no evidence to support his assertions and no argument as to why the alleged omission would have undercut the finding of probable cause. ECF No. 184 at 30–31. Duffy acknowledges that the evidence was "inadvertently not included in the submissions to the Magistrate [Judge]," ECF No. 194 at 7, and includes it with this objection, ECF No. 194-1. But this Court's review "is limited to the facts and evidence that were before the magistrate judge." *United States v. Andrews*, 381 F. Supp. 3d 1044, 1064–65 (D. Minn. 2019); *cf. Peerless Indem. Ins. Co. v. Sushi Ave., Inc.*, No. 15-cv-4112 (ADM/LIB), 2017 WL 631547, at *4 (D. Minn. Feb. 15, 2017) ("Submitting new evidence as part of an Objection impermissibly seeks to expand the record and overturn a Magistrate Judge's ruling with evidence that was not provided to the Magistrate Judge. This is not allowed."). In any event, Duffy fails to explain how the allegedly omitted information would have undermined the probable cause determination.

Finally, as to Duffy's assertion that Special Agent Amey omitted the fact that Simon and Preston only stayed at Duffy's home for a few days in January 2025, Magistrate Judge Bullard noted that the information was plainly presented in the affidavit and was therefore not an omission. ECF No. 184 at 31. Duffy makes no argument in objection to this finding, and the Court sees no clear error.

As a final matter, Duffy asserts in this objection that Special Agent Amey omitted evidence showing that Simon did not actually reside at the Nowthen residence, ECF No. 194 at 6, and that the rental vehicle Simon and Preston were driving on the morning of

13

their arrest was not rented under Duffy's name, *id.* at 10; ECF No. 194-2. But neither of these arguments were presented to Magistrate Judge Bullard and cannot be presented now. *See Andrews*, 381 F. Supp. 3d at 1064–65. Regardless, Duffy fails to establish how the inclusion of either piece of information would have called into question the finding of probable cause. *United States v. Kucharo,* No. 3:23-CR-00017-SHL-SBJ, 2023 WL 12028073, at *9 (S.D. Iowa July 10, 2023) (noting that it is "reasonable to infer that some of [the defendant's] belongings also would be found in" a house even if he "primarily 'lived'" somewhere else because police had seen the defendant leaving the house that day and "the house was his registered address on his driver's license"); *see also United States v. Thabit*, 56 F.4th 1145, 1152 (8th Cir. 2023) ("Evidence that tends to prove residence can be derived from anonymous tips, information from confidential informants, conversations with people who know the parolee, or police records.").

Because the Court agrees that all the purportedly omitted information was not intentionally omitted or would not have changed the probable cause determination, the Court affirms Magistrate Judge Bullard's order denying the motion for a *Franks* hearing. *Gater*, 868 F.3d at 659–60.

## III.   Motion for Disclosure

Finally, Duffy filed a motion for disclosure of the identities of the confidential informants. ECF No. 177 at 17–19. Duffy argued that the informants "are not mere tipsters but have material information that may be exculpatory to Duffy," and that he should be given identifying information so he can "ascertain the veracity of the information or if the information was actually provided to law enforcement." *Id.* at 18. Magistrate Judge

Bullard denied the motion because all the informants were mere "tipsters" and could not provide material information to Duffy's defense. ECF No. 184 at 22–26.

Duffy makes two arguments in objection. First, he asserts that the information from the informants was "material to the warrant" and "disclosure is necessary." ECF No. 194 at 9. But the standard is not whether informants provided material information to support the *warrant*, but whether they have material information for the *defense. United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) (citation omitted) (holding that disclosure is not required "when the informant merely conveys information to the government but neither witnesses nor participates in the offense" (cleaned up)); *McCray v. Illinois*, 386 U.S. 300, 311 (1967) (noting the absence of "a federal evidentiary rule of compulsory disclosure where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake," and that "federal officers need not disclose an informer's identity in applying for an arrest or search warrant").

Second, Duffy asserts that Magistrate Judge Bullard conflictingly found CD-2 to be a "reliable informant" but still a "mere 'tipster.'" ECF No. 194 at 9. Duffy confuses the issues. Magistrate Judge Bullard found CD-2 to be a credible informant, which was necessary to determine whether the state court could have reasonably relied on CD-2's information. ECF No. 184 at 15, 18. But that CD-2 was credible does not mean that CD-2 was not a mere tipster. As discussed above, the standard for ordering the disclosure of an informant is whether the witness has material information for a defendant's defense, not whether the informant is credible. As a result, the Court affirms Magistrate Judge Bullard's order denying Duffy's motion for disclosure.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      The R&R (ECF No. 184) is **ADOPTED** in full;

2.      Duffy's objections (ECF No. 193) are **OVERRULED**;

3.      Duffy's Motion To Suppress (ECF No. 137) is **DENIED**; and

4.      Magistrate Judge Bullard's order denying Duffy's Motion for Disclosure of Confidential Informants (ECF No. 138) and Motion for a *Franks* Hearing (ECF No. 139) is **AFFIRMED**.

Dated: June 1, 2026                                  *s/Laura M. Provinzino*
                                                     Laura M. Provinzino
                                                     United States District Judge

16